902 F.2d 27
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thurman S. ALPHIN, Plaintiff-Appellant,
v.
FEDERAL AVIATION ADMINISTRATION, Defendant-Appellee.
 No. 89-2405.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan 9, 1990.
Decided April 13, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Daniel E. Klein, Jr., United States Magistrate. (CA-82-553-HAR)
 Paul Victor Jorgensen, Middletown, Maryland, argued for appellant; Leland Ronald Jorgensen, Middletown, Maryland; Warren R. McGraw, Pineville, West Virginia, on brief.
 Jefferson McClure Gray, Assistant United States Attorney, Baltimore, Md., for appellee; Breckinridge L. Willcox, United States Attorney, David Paul King, Assistant United States Attorney, Baltimore, Md.; John M. Walsh, Manager, General Law Branch, Federal Aviation Administration, Washington, D.C., on brief.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Thurman S. Alphin filed a complaint against the Federal Aviation Administration alleging two counts of violations of the Privacy Act. The parties agreed to refer the case to a magistrate for trial. The magistrate granted summary judgment to the FAA on count one. After a bench trial, the magistrate granted judgment for the FAA on count two. Alphin appealed directly to this court pursuant to 28 U.S.C. Sec. 636(c)(3). We affirm the entry of judgment on both counts.
 
 
 2
 * Over a decade ago, Alphin's company overhauled engines in two Cessna 150 airplanes belonging to Tri-State Airways, and Alphin approved the engines as airworthy. Dissatisfied with the overhaul, Tri-State filed a complaint with the FAA. The FAA ordered a teardown of the engines by an FAA-approved repair station. An FAA inspector observed the teardown and prepared an Enforcement Investigation Report listing the mechanical problems.
 
 
 3
 The FAA concluded from the inspector's report that Alphin had violated FAA safety regulations and suspended his inspection authorization certificate for 60 days. An administrative law judge reduced the suspension to 45 days and the National Transportation Safety Board upheld the suspension. The regional counsel of the FAA mailed a copy of the report to an attorney for Tri-State.
 
 
 4
 The NTSB granted Alphin's petition for rehearing because the inspector's testimony at a state trial was inconsistent with his testimony before the ALJ. On remand, the ALJ again ordered a suspension. The NTSB reversed the order of suspension.
 
 
 5
 Alphin then applied for attorney's fees and costs under the Equal Access to Justice Act. The ALJ denied the application and the NTSB affirmed. The Court of Appeals for the District of Columbia Circuit remanded the case for a more thorough review of the record by the Board. The parties settled the issue out of court. Alphin v. National Transportation Safety Bd., 839 F.2d 817 (D.C.Cir.1988).
 
 
 6
 Alphin also inspected and certified a Piper PA 24 airplane. The Piper's owner later filed a complaint with the FAA. An FAA inspector who witnessed the subsequent teardown of the engine prepared an Enforcement Investigation Report. The FAA's regional counsel sent a copy of this report to the attorney who represented the Piper's owner.
 
 II
 
 7
 In count one, Alphin claimed that the FAA released Enforcement Investigation Reports to Alphin's dissatisfied customers in violation of 5 U.S.C. Sec. 552a(b).
 
 
 8
 The magistrate held that the release of the Enforcement Investigation Reports to the attorneys representing Alphin's dissatisfied customers was proper under the routine use exception to the Privacy Act, 5 U.S.C. Sec. 552a(b)(3). In compliance with 5 U.S.C. Sec. 552a(e)(4)(D), the FAA described in the Federal Register the routine uses of records in its system including: "Records relating to final legal enforcement and administrative actions are disclosed, upon request, to members of the public and other government agencies." 45 Fed.Reg. 11,718 (1980); 46 Fed.Reg. 59,785 (1981). The Enforcement Investigation Reports are records relating to final legal enforcement and administrative action. Furthermore, as the magistrate pointed out, both reports were released with the concurrence of the FAA's regional counsel consistent with FAA Order 2150.3 p 907b. We affirm the order granting summary judgment on count one.
 
 III
 
 9
 Alphin's second count alleges that the FAA failed to maintain the records of the inspection of the two Cessna engines with such accuracy, relevance, timeliness, and completeness as was necessary to assure fairness in the proceedings of the FAA and the initial NTSB hearing resulting in the suspension of his certificate. Intentional or willful failure to maintain proper records subjects the United States to an action for damages in the district court. See 5 U.S.C. Secs. 552a(g)(1)(C) and (g)(4). Alphin primarily relies on the rehearing before the NTSB which reversed the order that had suspended his license. He contends that the FAA was estopped from contesting the technical findings of the NTSB which vindicated him.
 
 
 10
 The magistrate properly found that collateral estoppel was inapplicable. Collateral estoppel applies when the same issue is involved in both proceedings. Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4416, at 137-38 (1981). Although the issues arose out of the same facts, the legal standards in each case are quite different. In the NTSB proceeding, the FAA had the burden of proving that the suspension was warranted. In the district court, Alphin had to prove that the FAA willfully or intentionally failed to maintain its records with the accuracy required by the Privacy Act. The NTSB did not make any findings whether the FAA willfully or intentionally failed to properly maintain the records. Such a finding had to be made by the magistrate after considering the entire record, not just the defects and discrepancies the NTSB found in the FAA inspector's report. After a lengthy trial, the magistrate found that Alphin had failed to prove that the FAA's actions were either willful or intentional. This finding is not clearly erroneous, and Federal Rule of Civil Procedure 52(a) requires that we accept it.
 
 
 11
 We find no cause for reversal or for remand for a new trial because of evidentiary rulings made by the magistrate. The FAA inspector's deficiencies and discrepancies were fully exposed without reference to excerpts from the NTSB transcript. Releasing the FAA from its improvident stipulation about the type of gauge used to check the engines was not an abuse of discretion. Cf. Hunt v. Marchetti, 824 F.2d 916, 917-18 (11th Cir.1987).
 
 AFFIRMED